JOURNAL ENTRY AND OPINION
Defendant-appellant, Albert K. Roark, appeals the judgment of the Cuyahoga Court of Common Pleas denying his motion to withdraw his guilty plea to one count of felonious assault. Appellant contends that the trial court improperly applied the manifest injustice standard applicable to post sentence motions to withdraw in ruling on his presentence motion. Appellant also contends that the trial court did not afford him a full evidentiary hearing on his motion because it would not allow him to present evidence regarding the underlying facts of the felonious assault charge to which he pled guilty. We find no error and affirm.
On November 12, 1998, appellant was indicted by the Cuyahoga County Grand Jury on three counts of felonious assault in violation of R.C.2903.11. Appellant was subsequently assigned counsel from the Cuyahoga County Public Defender's Office. After several pretrial conferences, appellant and the State reached a plea agreement whereby appellant would plead guilty to one count of felonious assault and the other two counts of the indictment would be dismissed. Appellant contends that the agreement was premised on the prosecutor's promise that the State would agree to probation, rather than incarceration, in exchange for appellant's guilty plea.
On July 21, 1999, after being advised of the constitutional rights he was waiving, appellant pled guilty to one count of felonious assault. The trial court scheduled appellant's sentencing hearing for August 17, 1999.
Prior to sentencing, appellant discussed his case with new counsel and decided to withdraw his guilty plea and proceed to trial. On August 10, 1999, appellant filed a motion to vacate his plea, asserting that when he agreed to the plea, it was agreed that all pleas of guilty were entered on the basis that the charge pled to was probationable and that [appellant] had a good chance for probation. Appellant asserted further that because a similar promise had been made but broken in a Lorain County case for which he was then incarcerated, he now believed that justice would be better served if his former plea of guilty were vacated and he had an opportunity to prove his innocence at trial.
On August 12, 1999, the trial court denied appellant's motion without a hearing. This court reversed, holding that the trial court abused its discretion in denying appellant's presentence motion to vacate his guilty plea without conducting a hearing to determine whether there was a reasonable and legitimate basis for appellant to withdraw his plea. We remanded the case for a hearing regarding appellant's motion.
On January 17, 2001, the trial court held a hearing regarding appellant's motion. Appellant's former defense counsel testified that he negotiated the plea agreement with the prosecutor. He testified further that he told appellant before he entered into the plea that he had a chance of getting probation [but] that the judge is not going to promise anything. He also testified that on the day appellant entered his plea, there is (sic) certainly no promises and no recommendations on the part of the county prosecutor.
Appellant testified that before entering the plea, his lawyer told him that he would probably end up with three years of probation and that if I wasn't going to get probation, I wasn't about to plead guilty, that's for sure. Appellant testified further that he sought to withdraw his plea because he suddenly realized after entering the plea that nothing regarding probation had been put on the record.
The trial court denied appellant's motion to withdraw his plea. Appellant timely appealed, raising two assignments of error for our review.
Appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED BY APPLYING THE WRONG STANDARD PURSUANT TO CRIM.R. 32.1 IN DETERMINING APPELLANT'S MOTION TO VACATE HIS PLEA.
The withdrawal of guilty pleas is governed by Crim.R. 32.1. The rule provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
As is apparent from the rule, the manifest injustice standard governs post sentence plea withdrawals. Where the motion to withdraw comes before sentencing, however, the motion should be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * * Id. at 526, quoting Barker v. United States (C.A.10, 1978),579 F.2d 1219, 1223.
Absent an abuse of discretion, the trial court decision must be affirmed. Id. at 527. An abuse of discretion connotes more than an error of judgment; it means that the trial court's ruling was unreasonable, arbitrary or unconscionable. Id., quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
Appellant contends that the trial court erred because it held him to the higher manifest injustice standard for a post sentence motion to vacate a plea, rather than the freely allowed standard applicable to a presentence motion. We disagree.
In rendering her decision to deny appellant's motion, the trial judge stated:
The defendant's motion is denied.
 The Court notes for the record no manifest injustice is exhibited today, nor (sic) the record shows the defendant entered the plea solely because of what he claims to be erroneous advice.
 His own witness Mr. Puzin testified today there was no promise or agreement. And the record in the case clearly shows the defendant was asked repeatedly by the Court if he understood the proceedings.
 He denied that there were threats or promises made to induce the plea and he acknowledged on the record that there was a presumption of prison here. There is absolutely no evidence before the Court today to support the defendant's motion and the motion is denied.
The trial judge listed significant reasons for denying appellant's motion: 1) his former defense counsel testified that there was no agreement or promise regarding probation as part of the plea agreement; 2) appellant repeatedly informed the court when he entered his plea that he understood what he was doing; 3) appellant denied that there were any threats or promises made to induce his plea; and 4) when he entered his plea, appellant informed the trial court that he understood there was a presumption of prison.
In addition, the trial court found that there was absolutely no evidence to support appellant's motion. In short, there was no evidence to indicate there was a reasonable and legitimate basis for withdrawing the plea.
In light of the dearth of evidence to support his motion, appellant's argument that he was held to the higher standard of manifest injustice is unpersuasive. Other than the single comment by the trial judge, there is nothing in the record that indicates that appellant was held to the higher standard of manifest injustice.
Appellant's first assignment of error is therefore overruled.
Appellant's second assignment of error states:
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE HIS PLEA, IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW.
In his second assignment of error, appellant asserts that the trial court failed to give him a full and complete hearing regarding his motion to withdraw his plea because it did not allow him to present evidence regarding the facts of the felonious assault charge to which he pled guilty or to present alibi witnesses who would have testified to his innocence of the charge.
In State v. Smith (Dec. 10, 1992), Cuyahoga App. No. 61464, unreported, we stated, the scope of a hearing held with regard to a presentence motion to withdraw a plea of guilty should reflect the substantive merit of the motion to withdraw and is within the sound discretion of the trial court * * * subject to our review for an abuse of that discretion. This approach, we explained, strikes a fair balance between fairness for an accused and preservation of judicial resources. Id.
In his motion, appellant asserted that he wanted to withdraw his guilty plea because he had been promised probation in exchange for his plea. Significantly, appellant did not assert that he was innocent of the felonious assault charge to which he had pled guilty.
At the hearing, appellant presented testimony from his former defense counsel regarding what promises the State made in exchange for appellant's plea (counsel testified there were none). Appellant also testified that he was under the impression that he would receive probation but admitted that no promises had been made in exchange for his plea.
We hold that the trial court properly limited the scope of the hearing on appellant's motion to the conflicting claims about the substance of the plea agreement. The basis for appellant's motion to withdraw his guilty plea was that he had been promised probation in exchange for his plea but that the promise had not been put on the record when he entered his plea. The trial judge allowed testimony on this issue. Appellant's motion did not assert his innocence as a basis for withdrawing his plea, however, and accordingly, the trial judge did not abuse her discretion in not allowing appellant to present testimony regarding this issue.
Appellant's second assignment of error is therefore overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and JAMES D. SWEENEY, J., CONCUR.